Halil DACAJ, Petitioner,

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–3099–ag.

United States Court of Appeals, Second Circuit.

May 13, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

See also 177 Fed.Appx. 185.

Melissa Desvarieux, Esq., Christophe & Associates, P.C., New York, NY, for Petitioner.

Kelly J. Walls, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Halil Dacaj, a native of Kosovo and a citizen of the former Yugoslavia, seeks review of a July 10, 2007 order of the BIA denying his motion to reopen. *In re Halil Dacaj,* No. A78 716 980 (B.I.A. July 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Under 8 C.F.R. § 1003.2(c)(2), an individual may move to reopen his case, but must do so within 90 days of the entry of the final decision in the underlying proceeding. However, the 90–day filing deadline may be equitably tolled where the motion to reopen is based on a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS,* 452 F.3d 154 (2d Cir.2006). In order to prevail on a claim of ineffective assistance of counsel, an applicant must comply with the procedural requirements set forth in *Matter of*

*Lozada,* 19 I. & N. Dec. 637 (B.I.A.1988). In addition, an applicant seeking to toll the 90–day filing deadline must show that he exercised due diligence in pursuing the case during the period of time for which he seeks tolling. *Iavorski v. I.N.S.,* 232 F.3d 124, 134–35 (2d Cir.2000).

■ There is no dispute that Dacaj's motion met the procedural requirements set forth in *Lozada.* Nonetheless, the BIA found that equitable tolling was not warranted because Dacaj failed to exercise the requisite due diligence. *See id.,* 232 F.3d at 134–35. As the BIA noted, Dacaj should have been on notice of his former counsel's alleged ineffective assistance as early as December 9, 2003, the date of the IJ's order denying relief, where the IJ explained that Dacaj's attorney was apparently unfamiliar with the details of the testimony of Dacaj during his asylum interview and expressed surprise at some of the responses he gave to the asylum officer's questions. Nonetheless, Dacaj's attorney continued to represent him for approximately three more years, apparently without protest or objection from Dacaj.

Dacaj alleged that his attorney never informed him that the BIA dismissed his appeal in December 2004, that she filed a petition for review on his behalf in January 2005, or that this Court denied that petition in April 2006. In fact, Dacaj claimed that he did not become aware of the dismissal of his appeal or the denial of his petition for review until January 2007, when he was taken into immigration custody. However, Dacaj offered no evidence, and indeed never alleged, that he contacted his attorney regarding his case at any time between December 2004 and January 2007 or that his attorney ignored any such attempts. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). Due diligence required Dacaj, at the least, to attempt to contact his attorney, or, in the alternative, the agency, sometime during those three years to ascertain the status of his case. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Given Dacaj's apparent failure to make such an attempt, the BIA reasonably found that Dacaj had not exercised due diligence and that equitable tolling was therefore not warranted. *See Cekic,* 435 F.3d at 170.

■ Moreover, even if Dacaj had exercised due diligence, the BIA properly found that his claim of ineffective assistance of counsel would still fail because he has not shown that any failing on the part of his former attorney rendered his proceedings fundamentally unfair. *See Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994). Dacaj has failed to establish that his proceedings would have had a different outcome if not for his attorney's ineffective assistance. *See id.* Dacaj alleged that he provided his attorney with evidence indicating that he had only limited involvement with the KLA and that she failed to present it to the IJ. However, Dacaj has never specified exactly what evidence he provided his attorney, much less demonstrated that this evidence would have rebutted the IJ's conclusion that he was a persecutor. *See id.* Moreover, while Dacaj alleged in support of his motion to reopen that his activities with the KLA were "limited to answering phones, domestic disputes, and small monitoring for security of our commune," this claim is not consistent with his testimony before the IJ and the asylum officer, and Dacaj offered no explanation that would either refute his testimony or reconcile it with the allegations contained in his motion. Accordingly, the BIA did not abuse its discretion in concluding that Dacaj failed to establish that he suffered prejudice amounting to a deprivation of due process as a result of his attorney's alleged ineffectiveness. *See id.*

Dacaj's remaining arguments are meritless. Dacaj argues that the BIA abused its discretion in refusing to consider the evidence he presented of changed conditions in Kosovo. According to Dacaj, this evidence demonstrated his eligibility for asylum and, because it was new and previously unavailable, its submission warranted an exception to the 90–day filing deadline. However, as the BIA pointed out, the IJ found that Dacaj was a persecutor; this finding was affirmed by the BIA on appeal, and none of the allegations or evidence submitted in support of Dacaj's motion challenged that finding. Accordingly, Dacaj was ineligible for asylum and any evidence he submitted for the purpose of demonstrating that he warranted such relief was immaterial and thus insufficient to warrant an exception to the limitation on motions to reopen set forth in 8 C.F.R. § 1003.2(c)(3)(ii).

Finally, Dacaj argues that the BIA abused its discretion in refusing to exercise its *sua sponte* authority under 8 C.F.R. § 1003.2(a) to reopen his proceedings based on "exceptional circumstances." However, the BIA's determination whether to exercise its *sua sponte* authority to reopen proceedings is a purely discretionary one, which this Court has no authority to review. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).